UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **KYLE LAROCQUE and SAMANTHA LAROCQUE** <br> **PlaintiffS** | CIVIL CASE NO. _____ |
| versus | JUDGE JAMES CAIN |
| **STATE FARM FIRE AND CASUALTY COMPANY** <br> **Defendant** | MAGISTRATE JUDGE KAY |

**ORIGINAL COMPLAINT**

NOW INTO COURT, through undersigned counsel, come Plaintiffs, KYLE LAROCQUE and SAMANTHA LAROCQUE (hereinafter "Plaintiffs"), who respectfully represent as follows:

**Parties**

1.

The parties herein are:

Plaintiffs, KYLE LAROCQUE and SAMANTHA LAROCQUE, are individuals of the full age of majority, domiciled in Calcasieu Parish, Louisiana; and

Made defendant herein is STATE FARM FIRE AND CASUALTY COMPANY (hereafter "State Farm" or "defendant") a foreign insurance company authorized to do and doing business in the State of Louisiana that can be served through the Louisiana Secretary of State at 8585 Archives Ave., Baton Rouge, Louisiana.

**Jurisdiction and Venue**

2.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. 1332, as this is a controversy between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

**Factual Background**

3.

State Farm insured property owned by Plaintiffs located at 1397 Rock Creek Drive, Lake Charles, LA, which policy of insurance was in full force and effect on August 27, 2020 and October 8, 2020.

4.

Where used herein, STATE FARM refers to not only the named entity but to anyone acting for or on behalf of STATE FARM in relation to the claims of Plaintiff, including the employees, contractors, adjusters and agents of STATE FARM or anyone providing services to STATE FARM relating to the claims of Plaintiffs.

5.

Hurricane Laura struck the Gulf Coast including Lake Charles, Louisiana from August 26-28, 2020, making landfall around 1:00 A.M. on August 27 near Cameron, Louisiana as a strong Category 4 hurricane. Hurricane and tropical storm force winds thrashed the surrounding areas, including the location of the Plaintiffs' property, for several hours.

6.

Plaintiffs' property was damaged as a result of winds and wind-driven rain from Hurricane Laura.

7.

Plaintiffs' home received extensive damage rendering it unusable for its intended purpose as a result of Hurricane Laura, and contents and other structures of the property sustained damage and there was debris that had to be removed.

8.

Plaintiffs initiated a claim with STATE FARM after Hurricane Laura and after Hurricane Delta.

9.

State Farm has arranged for several inspections of the home by different adjusters. Until approximately one month prior to this suit being filed, State Farm has alleged that the damages to the home are below the deductible of $37,015.

10.

Plaintiff has provided proof that the cost to repair damage to the home is in excess of $80,000 via estimates and construction bids.

11.

Shortly prior to the filing of this suit, State Farm determined that the damage to the home was enough to warrant an ACV payment of $11,460.27, minus deductible and depreciation, being the only payment made by State Farm since Hurricane Laura.

### Breach of Contract

12.

State Farm undeniably owes Plaintiffs the amounts reflected in the satisfactory proof of loss sent and has failed to unconditionally tender the amounts owed.

13.

State Farm is in breach of its obligations to Plaintiffs under the insurance policy by its refusal to timely pay the amounts owed under the policy.

14.

In addition to amounts reflected in proofs of loss already received by State Farm, Plaintiffs are entitled to recover for all amounts due under the policy that remain unpaid, including amounts needed to repair the dwelling and other structures, as well as damages to the contents of the property, debris removal, temporary repairs and mitigation expenses, expenses incurred due to the enforcement of any ordinance or law, expenses incurred for loss of use, and any other relevant coverage, less any prior payments and any applicable deductible.

### Violations of La. R.S. § 22:1892 and/or § 22:1973

15.

Louisiana Revised Statute 22:1892 obliges an insurer, such as State Farm, to pay the amount due any insured within thirty (30) days after satisfactory proof of loss and states that failure to make such payment subjects the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount due from the insurer to the insured, as well as reasonable attorney fees and costs.

16.

Louisiana Revised Statute 22:1973 imposes on insurers, such as State Farm, in first party claims, a duty of good faith and fair dealing which includes an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims with insureds, such as Plaintiffs. Section 1973 makes any mis- representation of pertinent facts a breach of that duty of good faith and fair dealing. Section 1973 also requires payment of any claim due an insured within sixty (60) days of proof of loss. Any insurer who breaches the obligations imposed by Section 1973 is liable for damages sustained as a result of the breach as well as a penalty of up to two-times the damages sustained, along with applicable attorney fees and costs.

17.

Louisiana law requires that an insurer unconditionally tender the amounts due an insured in order to satisfy its payment obligations under the above-referenced statutes.

18.

More than thirty and sixty days have elapsed since State Farm first received satisfactory proof of loss of all of Plaintiffs' claims and State Farm still has not made an unconditional tender of all amounts owed, thereby triggering application of the penalties found in the above-referenced statutes.

19.

In addition to the amount of the loss owed, State Farm is also liable to Plaintiffs for a penalty of 50% of the amount due from State Farm, as well as reasonable attorney's fees and costs, based on State Farm's failure to unconditionally tender the amounts owed to Plaintiffs within thirty

(30) days after receipt of satisfactory proof of loss because State Farm's failure to do so was arbitrary, capricious, or without probable cause.

20.

In addition to actual damages suffered for its violation of Louisiana Revised Statue 22:1973, State Farm is additionally liable to Plaintiffs for a penalty on top of the actual damages of up to two times the actual damages sustained or five thousand dollars, whichever is greater, plus attorney fees and costs.

WHEREFORE, after due proceedings hereon, Plaintiff, KYLE LAROCQUE and SAMANTHA LAROCQUE, prays for judgment in her favor against Defendant, STATE FARM FIRE AND CASUALTY COMPANY, finding Defendant in breach of both the insurance policy and its statutory obligations and therefore liable unto Plaintiffs for all amounts due under the policy, as well as statutory penalties, damages, attorneys' fees, interest and costs.

Respectfully submitted,

**THE JOHNSON FIRM**
1400 Ryan Street
P.O. Box 849
Lake Charles, LA 70602
(337) 433-1414/Telephone
(337) 433-3234/Facsimile
kilburn@johnsonfirmla.com


By: *s//Kilburn S. Landry*
    **KILBURN S. LANDRY, No. 33230**
    *Attorney for Plaintiffs*